The Honorable Brenda Gullett State Senator 28 Longmeadow Pine Bluff, AR 71603
Dear Senator Gullett:
You have presented the following question for my opinion:
 Does A.C.A. § 24-11-413(3) require a police department to pay into the local police pension fund the salary of an individual for time they are off work and in a no pay status under the Family and Medical Leave Act?
RESPONSE
It is my opinion that if a police department employee is on leave without pay under the Family and Medical Leave Act, the department is not required, during that employee's leave, to pay that employee's salary into the local police pension fund.
The statutory section to which your question refers, A.C.A. §24-11-413(3), states:
(a) There shall be added to the fund the following moneys:
* * *
 (3) All money deducted from the salary of any member of the police department on account of absence or loss of time;
A.C.A. § 24-11-413(3).
The Arkansas Supreme Court has never interpreted the above-quoted section in the context of the question you have raised. Nevertheless, this section can be readily interpreted, in my opinion, as not having been intended to apply to situations in which an employee is away from the job for extended leave without pay. I base this conclusion on several factors. First, the quoted language was enacted in 1937 (see Acts 1937, No. 250), long before the enactment of the federal Family and Medical Leave Act of 1993 (P.L. 103-3; 29 U.S.C. § 2601 et seq.). Employees at that time did not have any legal entitlement to extended leaves without pay. It is therefore unlikely that the legislature was envisioning extended leaves of this nature when it enacted this provision.
Second, the department will presumably have a need to replace the absent employee during the extended leave. If the department is unable to use the funds that had been budgeted to pay the employee's salary for this purpose, it may be placed in a position of being unable, under its current budget, to hire a replacement for the absent employee.
Third, if the language of the provision is interpreted just as it reads, as the Arkansas Supreme Court consistently admonishes, see, e.g., Smithv. Wharton, 349 Ark. 351, 78 S.W.3d 79 (2002), it should not apply to the situation you have described. The provision envisions deductions from a salary that is paid to an employee. That is, the provision appears to apply to situations in which an employee does receive a salary, but a salary that is reduced due to a short absence from the job. In the situation you have described, the employee who is on extended leave receives no salary. There is thus no salary from which any amount is deducted. Accordingly, it must be concluded that this provision does not apply to a situation in which an employee is on extended leave without pay.
For all of the foregoing reasons, I conclude that A.C.A. § 24-11-413 does not require a police department to pay an employee's salary into the local police pension fund during that employee's leave without pay under the federal Family and Medical Leave Act.[1]
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/SA:cyh
[1] The provisions of the Family and Medical Leave Act do not impact the conclusions stated in this opinion. However, it should be noted that the employee's leave under the Act cannot result in the loss of any employment benefits, including pension benefits that had accrued prior to the leave. See 29 U.S.C. § 2614(a)(2).